UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| RICHARD IDEN, | | Case No.  3:24-cv-00406-MMD-CLB |
| | Plaintiff | **ORDER** |
| v. | | |
| BEAN, | | |
| | Defendant | |

On September 9, 2024, pro se plaintiff Richard Iden, an inmate in the custody of the Nevada Department of Corrections, submitted a complaint under 42 U.S.C. § 1983. (ECF No. 1-1). Plaintiff has neither paid the full $405 filing fee for this matter nor filed an application to proceed *in forma pauperis*. (*See* ECF No. 1).

## I.      FILING FEE

The United States District Court for the District of Nevada must collect filing fees from parties initiating civil actions. 28 U.S.C. § 1914(a). As of December 1, 2023, the fee for filing a civil-rights action is $405, which includes the $350 filing fee and the $55 administrative fee. *See* 28 U.S.C. § 1914(b). "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed *in forma pauperis*." Nev. Loc. R. Prac. LSR 1-1. For an inmate to apply for *in forma pauperis* status, the inmate must submit **all three** of the following documents to the Court: (1) a completed **Application to Proceed *in Forma Pauperis* for Inmate**, which is pages 1–3 of the Court's approved form, that is properly signed by the inmate twice on page 3; (2) a completed **Financial Certificate**, which is page 4 of the Court's approved form, that is properly signed by both the inmate and a prison or jail official; and (3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**. *See* 28 U.S.C. § 1915(a)(1)–(2); Nev. Loc. R. Prac. LSR 1-2. *In forma pauperis* status does not relieve an inmate of his or her obligation to pay the filing fee, it just means that the inmate can pay the fee in installments. *See* 28 U.S.C. § 1915(b).

## II.     EXHAUSTION

The Court also notes a possible exhaustion issue. Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory and unexhausted claims cannot be brought in court. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *Jones v. Bock*, 549 U.S. 199, 211 (2007).

"In a few cases, a prisoner's failure to exhaust may be clear from the face of the complaint. However, such cases will be rare because a plaintiff is not required to say anything about exhaustion in his complaint." *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014). The "failure to exhaust is an affirmative defense under the PLRA" and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216. However, if it later comes to light that the plaintiff failed to exhaust his administrative remedies on the claims raised in the complaint, the district court will dismiss the unexhausted claims from the case. *Id.* at 219-21 (holding that the district court may dismiss the unexhausted claims from the complaint but may proceed with the exhausted claims). The plaintiff must exhaust his or her claims before filing a lawsuit and cannot finish the exhaustion process during the case. *See McKinney v. Carey*, 311 F.3d 1198, 1199-1200 (9th Cir. 2002) (holding that the "district court must dismiss an action involving prison conditions when the plaintiff did not exhaust his administrative remedies prior to filing suit but [was] in the process of doing so when a motion to dismiss [was] filed").

In the complaint, Plaintiff states that on August 21, 2024, Plaintiff was transported on a hot bus without air conditioning or water. (ECF No. 1-1 at 2-3.) Plaintiff initiated this case on September 9, 2024, less than three weeks later. It seems unlikely that Plaintiff would have been able to fully exhaust his administrative remedies during that period. If Plaintiff needs to finish exhausting his administrative remedies, he may choose to file a

2

notice of voluntary dismissal without prejudice[1] by **November 20, 2024**. The Court notes that if Plaintiff chooses to proceed with this case, he may be required to pay the full $405 filing fee, which includes the $350 filing fee and $55 administrative fee, even if the Court later dismisses this case.

### III. CONCLUSION

It is therefore ordered that Plaintiff has **until November 20, 2024**, to either pay the full $405 filing fee or file a fully complete application to proceed *in forma pauperis* with all three required documents: (1) a completed application with the inmate's two signatures on page 3, (2) a completed financial certificate that is signed both by the inmate and the prison or jail official, and (3) a copy of the inmate's trust fund account statement for the previous six-month period.

Plaintiff is cautioned that this action will be subject to dismissal without prejudice if Plaintiff fails to timely comply with this order. A dismissal without prejudice allows Plaintiff to refile the case with the Court, under a new case number, when Plaintiff can file a complete application to proceed *in forma pauperis* or pay the required filing fee.

The Clerk of the Court is directed to send Plaintiff the approved form application to proceed *in forma pauperis* for an inmate and instructions for the same and retain the complaint (ECF No. 1-1) but not file it at this time.

It is further ordered that if Plaintiff believes that he needs to finish exhausting his administrative remedies before proceeding with a civil rights case, he may choose to file a notice of voluntary dismissal without prejudice by **November 20, 2024**.

DATED THIS  20th  day of September 2024.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] A dismissal without prejudice means that a plaintiff does not give up the right to refile the case with the Court, under a new case number, when the plaintiff has exhausted his administrative remedies.